# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH PICKETT,

    Plaintiff,

    v.                                                                Case No. 15-CV-357

NURSE CHERYL GNODTKE, MARIE ARENDT, and
CAPTAIN JEFFREY SAUER,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Plaintiff, pro se, filed this action under 42 U.S.C. § 1983 against the above-named employees of the Ozaukee County Jail, claiming they were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. Specifically, Plaintiff alleges the defendants did not adequately respond to his complaints regarding dental care in February and March 2015 while Plaintiff was a pre-trial detainee held in the jail. The court screened the complaint under 28 U.S.C. § 1915A(a) and allowed Plaintiff to proceed on the deliberate-indifference claim; the court dismissed an access-to-courts claim and one defendant, Deputy M. Haas, in the same order.

    The remaining defendants have now filed a motion for summary judgment in which they assert (1) they were not deliberately indifferent to a serious medical condition as a matter of law and (2) qualified immunity bars Plaintiff's claims in any event. The motion is properly supported by proposed findings of fact, an affidavit of the jail administrator of the Ozaukee County Jail, Defendant Captain Sauer, and jail records showing the treatment Defendant Nurse Gnodtke provided Plaintiff for his dental condition. The motion was also properly accompanied by the statement and text of

the rules required to be provided to pro se litigants under Civil L.R. 56(a)(1). Plaintiff has failed to respond to the proposed findings of fact and they are therefore deemed admitted for purposes of summary judgment. Civil L.R. 56(b)(4).[1] In addition, Plaintiff has failed to offer any evidence of his own, in the form of sworn declaration, affidavit or deposition, in support of his claims. Based on the defendants' proposed findings, which the court adopts in full, and the absence of any evidence to the contrary, the Court finds that there is no evidence of negligence in responding to or treating Plaintiff, much less evidence that the defendants knowingly or recklessly disregarded a serious medical condition as required to sustain a claim under *Farmer v. Brennan*, 511 U.S. 825 (1994), nor evidence that the defendants otherwise caused his condition to worsen in any way.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil

---

[1] According to the Ozaukee County Sheriff's Office, Plaintiff was released from the jail after serving his sentence on August 10, 2015. Plaintiff has failed to provide the court with an address or telephone number at which he can be contacted.

2

Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this  5th   day of January, 2016.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court